UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT SMITH, JR,

                  Petitioner,

    v.

BERNIE WARNER,

                Respondent.

Case No. 2:13-CV-01396-JLR-BAT

**ORDER DENYING PETITIONER'S REQUEST TO APPOINT COUNSEL, INVITING RESPONDENT TO MOVE TO EXTEND TIME TO FILE AN ANSWER OR A MOTION TO DISMISS, AND REMOVING PETITIONER'S MOTION FROM THE MOTIONS CALENDAR**

As discussed below, the Court **DENIES** petitioner Robert Smith's request to appoint counsel, **INVITES** respondent to move to extend time to file an answer or a motion to dismiss, and **REMOVES** Mr. Smith's motion for leave to file a reply (**Dkt. 10**) from the motions calendar.

**BACKGROUND**

Mr. Smith is presently incarcerated for a 1973 conviction on counts of first-degree kidnapping and first-degree robbery while armed with a deadly weapon and a 1978 conviction for first-degree assault while armed with a deadly weapon. Dkt. 5, at 15. In late-2012, the State

ORDER DENYING PETITIONER'S REQUEST TO APPOINT
COUNSEL, INVITING RESPONDENT TO MOVE TO EXTEND TIME
TO FILE AN ANSWER OR A MOTION TO DISMISS, AND
REMOVING PETITIONER'S MOTION FROM THE MOTIONS
CALENDAR- 1

of Washington's Indeterminate Sentence Review Board ("Board") found Mr. Smith to be parolable to a Georgia detainer, but Mr. Smith refused to sign the parole order because he asserted that Georgia dismissed the charges related to the detainer. *Id.* at 16. The Board noted that Georgia retains an active warrant for Mr. Smith's arrest related to his escape from a Georgia prison in **1966**. *Id.* In January 2013, the Board rescinded its previous finding after further review and a hearing where Mr. Smith was represented by counsel because the Board was unable to verify Mr. Smith's claim regarding the removal of the Georgia detainer. *Id.* The Board reasoned:

> The Board is somewhat frustrated by our attempts to parole Mr. Smith to the Georgia detainer. Finding him not parolable at this time will allow us an opportunity to develop a release plan should his detainer be dropped. Mr. Smith has virtually no resources and is 65 years of age.
>
> At this time we are unaware of any financial resources and it does not appear that he would qualify for social security benefits. Transitional housing would seem appropriate and any other resources to assist him for his eventual return to the community. The Board would emphasize that we believe that he would benefit from mental health services upon release.

*Id.* at 17. The Board noted that it would hold a hearing immediately upon notification of the removal of Georgia's detainer. *Id.* at 14–15.

Mr. Smith filed a state habeas challenge to the Board's *original* 2012 decision to parole him to the Georgia detainer, and this challenge was transferred to the state court of appeals as a personal restraint petition ("PRP"). The Acting Chief Judge of the Washington Court of Appeals dismissed the PRP because the Board had confirmed that the active Georgia detainer prevented Mr. Smith from participating in lower levels of custody, the Board did not err, and Mr. Smith was therefore not unlawfully being restrained. Dkt 5, at 21. Mr. Smith's motion for discretionary review of the state court of appeals' decision remains pending before the

ORDER DENYING PETITIONER'S REQUEST TO APPOINT COUNSEL, INVITING RESPONDENT TO MOVE TO EXTEND TIME TO FILE AN ANSWER OR A MOTION TO DISMISS, AND REMOVING PETITIONER'S MOTION FROM THE MOTIONS CALENDAR- 2

1   Washington Supreme Court.  *See In re Smith*, No. 88781-1 (Wash., filed May 7, 2013), *available*

2   *at http://dw.courts.wa.gov/* (last accessed Sept 5, 2013).

3         Mr. Smith also filed a motion for public expenditure of funds related to a petition for a writ

4   of mandamus against the state governor and state attorney general that would permit a waiver of

5   the $250 filing fee and would pay for personal service of process.  *See* Dkt. 5, at 19–20.  In July

6   2013, the Chief Justice of the Washington Supreme Court denied Mr. Smith's motion for

7   expenditure of public funds.  *Id.* at 11.

8         In August, Mr. Smith filed a motion to proceed *in forma pauperis* ("IFP") with a 28 U.S.C.

9   § 2254 habeas petition to challenge the manner in which the state courts have reviewed the

10  Board's decision to deny parole, and requested appointment of counsel.  Dkt. 1.  The Court

11  granted Mr. Smith's motion to proceed IFP, served the habeas petition, and referred this matter

12  to the Office of Federal Public Defender ("FPD") to review and advise whether it would seek

13  appointment in this matter.  By August 30, 2013 letter to the undersigned judge, Assistant FPD

14  Michael Filipovic noted that his office had reviewed the petition, had discussed the case with Mr.

15  Smith, and would not seek appointment in this matter.   Mr. Filipovic noted, however, that "we

16  have advised Mr. Smith that if he gives us permission, we will contact the State of Georgia,

17  requesting consideration to remove their detainer with the State of Washington."

18                                      **DISCUSSION**

19        The Court recognizes that Mr. Smith's grounds for habeas relief appear to be crumbling

20  underfoot.  First, with parole decisions the "beginning and the end of the federal habeas courts'

21  inquiry [is] whether [petitioners] received due process" such that "the relevant inquiry is what

22  process [petitioners] received, not whether the state court decided the case correctly."  *Swarthout*

23  ORDER DENYING PETITIONER'S REQUEST TO APPOINT
    COUNSEL, INVITING RESPONDENT TO MOVE TO EXTEND TIME
    TO FILE AN ANSWER OR A MOTION TO DISMISS, AND
    REMOVING PETITIONER'S MOTION FROM THE MOTIONS
    CALENDAR- 3

*v. Cooke*, __ U.S. __, 131 S. Ct. 859, 862–863 (2011).  Second, the public record suggests that Mr. Smith has not exhausted state remedies because he has a motion for discretionary review of his denied PRP pending before the state supreme court.  *See* 28 U.S.C. § 2254(c).  Nonetheless, the Court served Mr. Smith's habeas petition and sought a response or a dispositive motion because of the unusual circumstances presented: **the Board has expressed an intent to parole Mr. Smith so long as sufficient support services can be provided for him and Georgia's detainer, related to his escape from a Georgia prison 47 years ago, is removed**.

### 1.    Request to Appoint Counsel

Mr. Smith requested appointment of counsel.  Dkt. 5, at 34.  There is no right to have counsel appointed in habeas cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required.  *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); *see also* Rule Governing § 2254 Cases in U.S. District Courts 8(c).  The Court may also exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require."  18 U.S.C. § 3006A.

The Court denies Mr. Smith's request for appointment of counsel.  The Court sought the FPD's input on whether it would seek appointment in this matter.  The FPD declined to seek appointment.   The Court finds that Mr. Smith has failed at this time to meet his burden of showing that an evidentiary hearing or the interests of justice require appointment of counsel. Should the Court later determine that an evidentiary hearing is required or that the interests of justice would be served by an attorney for petitioner, the Court will direct that Mr. Smith be appointed counsel.

**The Court encourages Mr. Smith to consider the FPD's offer to contact on his behalf**

ORDER DENYING PETITIONER'S REQUEST TO APPOINT
COUNSEL, INVITING RESPONDENT TO MOVE TO EXTEND TIME
TO FILE AN ANSWER OR A MOTION TO DISMISS, AND
REMOVING PETITIONER'S MOTION FROM THE MOTIONS
CALENDAR- 4

1  **the State of Georgia to request removing its detainer with the State of Washington.**

2      **2.    Extension of Time to File an Answer or Motion to Dismiss**

3      Similarly, the Court encourages respondent and Mr. Smith, either separately or jointly, to

4  consider how to effectuate what appears to be an objective sought by both parties: Mr. Smith's

5  prompt parole with appropriate financial and social support.  The Court therefore finds that it

6  serves the interests of justice to invite respondent to move for an extension of time to file an

7  answer or motion to dismiss should such an extension assist in effectuating Mr. Smith's

8  supervised release from prison.

9      **3.    Petitioner's Motion for Leave to File a Reply**

10      The Court removes Mr. Smith's motion for leave to file a reply from the motions calendar.

11  Dkt. 10.  Mr. Smith's motion largely consists of argumentation that he should be immediately

12  released and contains additional exhibits.  It is now part of the official record and will be

13  considered, along with other filed materials, in resolving his habeas petition.  To the extent Mr.

14  Smith seeks a more expeditious consideration of his habeas petition, the Court finds that he has

15  not justified more urgent action and his allegations do not suggest a likelihood of success on the

16  merits.  To the extent Mr. Smith seeks an evidentiary hearing, he has not demonstrated how an

17  evidentiary hearing would support his federal habeas claims.

18                                      **CONCLUSION**

19      The Court **DENIES** Mr. Smith's request to appoint counsel, **INVITES** respondent to move

20  to extend time to file an answer or a motion to dismiss, and **REMOVES** Mr. Smith's motion for

21  ///

22  ///

23  ORDER DENYING PETITIONER'S REQUEST TO APPOINT
COUNSEL, INVITING RESPONDENT TO MOVE TO EXTEND TIME
TO FILE AN ANSWER OR A MOTION TO DISMISS, AND
REMOVING PETITIONER'S MOTION FROM THE MOTIONS
CALENDAR- 5

1    leave to file a reply (**Dkt. 10**) from the motions calendar.

2         DATED this 5th day of September, 2013.

3

4                                    _____

5                                    BRIAN A. TSUCHIDA
                                     United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   ORDER DENYING PETITIONER'S REQUEST TO APPOINT
     COUNSEL, INVITING RESPONDENT TO MOVE TO EXTEND TIME
     TO FILE AN ANSWER OR A MOTION TO DISMISS, AND
     REMOVING PETITIONER'S MOTION FROM THE MOTIONS
     CALENDAR- 6