UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT SMITH, JR.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BERNIE WARNER,<br><br>　　　　　Respondent. | CASE NO. C13-1396JLR<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

## I.　INTRODUCTION

This matter comes before the court on Mr. Robert Smith Jr.'s motion to quash (Mot. to Quash (Dkt. # 14)), United States Magistrate Judge Brian A. Tsuchida's Report and Recommendation (R&R (Dkt. # 17)), and Mr. Smith's objections thereto (Obj. (Dkt. # 18)). Having carefully reviewed all of the foregoing, along with all other relevant documents and the governing law, the court ADOPTS the Report and Recommendation (R&R) and DISMISSES Mr. Smith's petition with prejudice (Petition (Dkt. # 5)).

ORDER- 1

## II. BACKGROUND

This matter involves Mr. Smith's pro se 28 U.S.C. § 2254 habeas petition. (Petition.) Mr. Smith is currently imprisoned in Washington State for Snohomish and King County criminal convictions from the 1970s. (*See* R&R at 2.) He is under the jurisdiction of Washington's Indeterminate Sentence Review Board ("ISRB") because he was sentenced to indeterminate prison terms for these convictions. (*See id.*) The ISRB makes determinations about parole eligibility. RCW 9.95.009.

In 1996, while Mr. Smith was imprisoned in Washington, the Georgia Department of Corrections issued a detainer asking to be notified in the event that Mr. Smith was released from Washington State Department of Corrections' custody. (*See* Detainer (Dkt. # 12) Ex. 11.) This detainer is the foundation on which Mr. Smith's habeas petition rests. The State of Georgia plans to extradite Mr. Smith upon his release to serve the remainder of a prison term for a prior conviction in that state. (*Id.*) Mr. Smith did not serve his entire term in Georgia because he escaped from a Georgia prison in 1966. (*Id.*) He has not been charged with any new crime. (*Id.*)

The ISRB determined in October 2012 that Mr. Smith was parolable to the Georgia detainer. (*See* 2012 Report (Dkt. # 12) Ex. 13.) Mr. Smith refused to sign the parole order, however, because he contested the validity of the detainer. (*See* 2013 Report (Dkt. # 12) Ex. 14.) The ISRB then denied parole in January 2013 and added 36 months to his minimum term. (*Id.*) It noted that it "would agree to see Mr. Smith immediately if the detainer is removed prior to his next hearing" to make a new determination about parole. (*Id.* at 11.)

In 2012, Mr. Smith challenged in Washington state court the ISRB's 2012 decision to parole him to the Georgia detainer. (*See, e.g.*, Petition Ex. G.) The King County Superior Court Judge transferred Mr. Smith's filings, which Mr. Smith called a "habeas petition," to the state Court of Appeals, Division I to be considered as a personal restraint petition ("PRP"). (*Id.* at 18.) The Court of Appeals dismissed Mr. Smith's PRP in April 2013 because it found that he was not unlawfully restrained. (Petition Ex. A at 21-22.) On December 17, 2013, Mr. Smith filed a motion to modify the Court of Appeals' ruling in the Washington Supreme Court. *See In re Smith*, No. 88781-1 (Wash., filed Dec. 17, 2013), *available at* http://dw.courts.wa.gov/ (last accessed Jan. 10, 2014).

In August 2013, Mr. Smith filed a motion to proceed *in forma pauperis* ("IFP") on a 28 U.S.C. § 2254 habeas petition in this court. (Mot. for IFP (Dkt. # 1); Petition.) He contends that the ISRB's determination that he was parolable to the Georgia detainer, as well as the ISRB's reversal of that decision after he refused to sign the parole order, violated his due process rights. (Petition.)

In September 2013, Respondent Bernie Warner, Washington State Department of Corrections Secretary, filed a motion to dismiss or transfer the petition to the Ninth Circuit as a second or successive petition under 28 U.S.C. § 2244, or to dismiss the petition for failure to state a claim upon which relief may be granted. (Mot. to Dismiss (Dkt. # 12).) Mr. Smith in turn filed a motion to quash. (Mot. to Quash.) Magistrate Judge Tsuchida issued a Report and Recommendation on December 11, 2013. (R&R.) Mr. Smith timely filed his objections to the Report and Recommendation on December 18, 2013, (Obj.), and Mr. Warner responded on January 2, 2014, (Resp. (Dkt. # 19)).

# III. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's Report and Recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the Report and Recommendation to which specific written objection is made. *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the court need not review de novo the Report and Recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). This court must construe Mr. Smith's petition and objections liberally because he is proceeding pro se. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

# IV. DISCUSSION

Mr. Smith makes many objections to the Report and Recommendation; however, only two of his objections are specific to issues raised in Judge Tsuchida's findings. (*See generally* Obj.) First, Mr. Smith requests that the court interpret the Interstate Agreement on Detainers ("IAD"), RCW 9.100.010, to include a "pretransfer hearing" under the Uniform Extradition Act, RCW 10.88, as a "procedural safeguard." (Obj. at 2-3.) In making this request, Mr. Smith appears to re-assert his contention that the ISRB

improperly denied him parole on the basis of the Georgia detainer in violation of his due process rights. (*See id.*; *see also* Petition.) In the Report and Recommendation, Judge Tsuchida found no cognizable federal claim in this habeas proceeding because Mr. Smith has no federal or state constitutional right to parole; Washington State provided Mr. Smith with an opportunity to be heard and provided him with reasons why his parole was denied; and the IAD creates procedures for untried charges only, not for outstanding prison terms like that at issue in Mr. Smith's case. (R&R at 5-6.) The court finds Magistrate Judge Tsuchida's reasoning in this regard persuasive and independently overrules Mr. Smith's objections for the reasons explained in the Report and Recommendation, incorporating those reasons by reference herein.

The court interprets Mr. Smith's next objection as a reference to the Magistrate Judge's recommendation that the court deny a certificate of appealability under 28 U.S.C. § 2255. (Obj. at 2.) Mr. Smith asks that the court allow him to "retrospectively attack the jurisdiction of the court alleged to have issued the judgment upon which the petitioner is held or the legality of the process by which he is detained." (*Id.*) When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve

encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Here, the court finds that reasonable jurists could not debate whether the petition should have been resolved differently and therefore DENIES the certificate of appealability. Mr. Smith has not made a substantial showing that his constitutional right to due process was violated; rather, he has failed to state a federal claim for the reasons listed above and in Magistrate Judge Tsuchida's Report and Recommendation. (R&R at 7.) Therefore, the court will not issue a certificate of appealability in this case.

Mr. Smith also raises numerous other objections. In turn, he contends that the Report and Recommendation in general is "clearly erroneous or contrary to law" (Obj. at 2); reminds the court of its duty to construe his pro se petition liberally (Obj. at 2); explains the purpose of the writ of habeas corpus ("essentially the writ questions the legalit[y] of the process under which the state holding the body of the petitioner Mr. Smith") (Obj. at 4); and quotes the Judiciary Act of 1789 in isolation (Obj. at 6). He further states that Washington and Georgia have deprived him of his First, Fifth, Ninth, and Fourteenth Amendment rights, which he did not allege in his habeas petition. (*See* Petition.) Even construing Mr. Smith's objections liberally, the court finds that they are not specific to issues in the Report and Recommendation and are not proper objections.

The court has thoroughly examined the record before it and finds the Magistrate Judge's reasoning persuasive in light of that record. The court independently rejects Mr. Smith's arguments for the same reasons as Magistrate Judge Tsuchida.

## V. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (R&R) in its entirety;

(2) The court DISMISSES Mr. Smith's habeas petition with prejudice;

(3) The court DENIES Mr. Smith's motion to quash (Mot.);

(4) The court DENIES a certificate of appealability; and

(5) The court DIRECTS the Clerk to send copies of this Order to Petitioner, to counsel for Respondent, and to Magistrate Judge Tsuchida.

Dated this 13th day of January, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 7